```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
YVONNE DYER O/B/O K.O.

                        Plaintiff,              06-CV-6464

              v.                                 DECISION
                                                 and ORDER
MICHAEL J. ASTRUE, Commissioner
of Social Security

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff Yvonne Dyer, on behalf of her minor child, Khalid Owens ("K.O." or "claimant"), brings this action pursuant to Title XVI of the Social Security Act ("Act"), codified at 42 U.S.C. § 405(g) claiming that the Commissioner of Social Security ("Commissioner") improperly denied her application for child Social Security Income ("SSI") benefits. Plaintiff, Yvonne Dyer ("plaintiff") has appeared pro se throughout these proceedings. Essentially, the plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") who heard her case and denied her application on behalf of her son was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law.

**PROCEDURAL HISTORY**

In a decision dated September 23, 2005, the ALJ determined that the plaintiff, on behalf of her son K.O., is not eligible to receive Child Supplemental Security Income payments pursuant to § 1614(a)(3)(C) of the Social Security Act because the child is not under a disability as defined in the Act.

On April 26, 2005, ALJ Randall W. Moon sent plaintiff information about obtaining legal counsel for her upcoming hearing. (Tr. 33-34.)  Plaintiff appeared pro se at a hearing on June 10, 2005, and ALJ Moon advised her of her right to representation. (Tr. 188-99.)  The hearing was closed to afford the plaintiff the opportunity to obtain counsel.  (Tr. 188-99.)  On September 15, 2005, ALJ Slahta held a hearing at which plaintiff and Khalid Owens (K.O.) appeared and testified without the assistance of counsel or other representative.  (Tr. 200-15.)

On February 16, 2006, the Appeals Council denied plaintiff's request for review.  (Tr. 9-11.)  On April 12, 2006, plaintiff submitted new evidence to the Appeals Council and on July 7, 2006, the Appeals Council again denied plaintiff's request for review and this action followed.

**BACKGROUND**

The claimant was born on July 24, 1997 and as of the date of the hearing on September 15, 2005, he was enrolled in the 3rd grade. The claimant's mother alleges that her son became disabled on

July 24, 1997 due to speech and language delays and attention deficit/hyperactivity disorder.  At the hearing, plaintiff testified that K.O. had undergone speech and language testing in May 2004 and had also received speech therapy.  She also testified that she was not sure if K.O. was still receiving speech therapy. (Tr. 212.)

The ALJ, in determining whether or not the child was disabled, followed the three step sequential evaluation pursuant to 20 C.F.R. § 416.924.  First, he determined the child was not engaged in any substantial gainful activity.  Second, he determined that the claimant has speech and language delays and attention deficit/hyperactivity disorder which are "severe" within the meaning of 20 C.F.R. § 416.924(c) and SSR 96-3p and 85-28 because the claimant has more than slight abnormalities and more than minimal functional limitations. Following the opinion of the State agency medical examiner (Tr. 128-135), the ALJ found that the claimant's impairments do not meet or medically equal the criteria of any of the listed impairments of Appendix 1, Subpart P, Regulation No. 4.  He also found that the claimant's developmental and language delays do not meet the requirements of § 112.12 of Appendix 1 and that the claimant's attention deficit/hyperactivity disorder does not satisfy the requirements of § 112.11 of Appendix 1.  He found that the reports from the treating mental health center (Tr. 93-113) failed to establish that claimant's

condition results in marked inattention, marked impulsiveness, and marked hyperactivity.

The process then required the ALJ to determine whether the claimant's impairments result in limitations that functionally equal the listings (20 C.F.R. § 416.926(a)). In doing so, the ALJ considered all the relevant factors in §§ 416.924(a), 416.924(b), and 416.929.

Section 416.926A(b) provides that in considering the claimant's functioning, the ALJ is to consider how the claimant functions in his activities in terms of six domains which are:

1. Acquiring and using information;

2. Attending and completing tasks;

3. Interacting and relating with others;

4. Moving about and manipulating objects;

5. Caring for yourself; and

6. Health and physical well-being.

An impairment is of listing-level severity if the claimant has a "marked" limitation in two of the domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926A(d). A finding of a "marked" limitation in a domain will be found when the claimant's impairments interfere seriously with his ability to independently initiate, sustain, or complete activities. An extreme limitation is found when the claimant's impairments interferes very seriously with these abilities. A "marked" limitation also means a

limitation that is "more than moderate" but "less then extreme" and is the equivalent of the functioning that would be expected to be found on standardized testing with scores that are at least 2, but less than 3, standard deviations below the mean.  An "extreme" limitation also means a limitation that is "more than marked" and which is the rating given to the worst limitation.  It is the equivalent of functioning that would be expected to be found on standardized testing with scores that are at least three standard deviations below the mean.

In making these assessments, the ALJ was required to consider the reports of the State agency medical consultants as well as other treating, examining, and non-examining medical resources.  He was also required to follow the guidelines in 20 C.F.R. § 416.927 and Social Security rulings 96-2p and 96-6p in evaluating the evidence.

After evaluating the testimony of the claimant's mother at the hearing and the relevant medical information and test scores, the ALJ found that while the testimony of both the claimant and his mother were credible, he found that the evidence failed to support a degree of functional limitations required to meet the criteria of any of the listed impairments of Appendix 1, Subpart P, Regulation No. 4.

The evidence at the hearing revealed that the claimant, who was then 8 years old and enrolled in the 3rd grade, had average

grades on his last report card. The ALJ considered the teacher's questionnaire dated July 6, 2004 (Tr. 70-77) and an intellectual evaluation dated August 11, 2004 (Tr. 114-117), which revealed that claimant has a full scale IQ of 81 placing him in the borderline range. The ALJ concluded that the claimant has less than marked limitation in the acquiring and using information domain.

Also, in the attending and completing tasks domain, the ALJ found that the claimant has a less than marked limitation in this domain as well.

In the interacting and relating with others domain, the ALJ found that evidence supported a finding of less than marked limitation in this domain.

In assessing the claimant's functioning in the moving about and manipulating objects domain, since neither the claimant nor his mother alleged any difficulty in this area, the ALJ concluded that the claimant has no limitation in this domain.

In the caring for yourself domain, the ALJ noted that a language progress summary (Tr. 86-92) described him as having his own ideas about what he wants to do and his willingness to cooperate with others was reported to be variable. Evidence also showed that he wrestled with other children as a way to make up for his inability to communicate with them. The ALJ found that the claimant has a marked limitation in this area.

In the health and physical well-being domain, the ALJ found that the claimant had no limitation in this domain.

Overall, after considering all the evidence, including the testimony of both the claimant and his mother, the ALJ concluded that because the claimant does not have an "extreme" limitation in one area of functioning or a "marked" limitation in two areas, the claimant does not functionally equal, singly or in combination, any listed impairment.  The ALJ therefore concluded that the claimant was not disabled for purposes of receiving Supplemental Security Income payments.

## JURISDICTION AND SCOPE OF REVIEW

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing court does not try a benefits case de novo).

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant moves for judgment on the pleadings on the grounds that there is substantial evidence in the record to support the determination that K.O. is not disabled.  Plaintiff essentially argues that the ALJ did not give proper weight to the fact that even with changed medication, K.O. continues to have problems with behavior in school and at home and, therefore, is disabled, and entitled to SSI benefits.  (Tr. 187.)

**THE ALJ'S DECISION THAT K.O. IS NOT DISABLED IS SUPPORTED BY SUBSTANTIAL EVIDENCE IN THE RECORD.**

In making his determination, the ALJ correctly applied the three step sequential evaluation analysis set forth at 20 C.F.R. §§ 416.924(a)-(d).

The ALJ's determination that none of K.O.'s impairments met or medically equaled any impairments contained in the listing of impairments is supported by substantial evidence.  The evidence does not demonstrate that K.O. had an early onset of his speech and language delays, i.e. prior to age 1.  See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 112.12.  Speech pathologist Ms. Lembach found that K.O.'s articulars were intact, mobile, and symmetrical for speech production and that he readily imitated speech and non-speech oral motor movements, and his tongue was only slightly deviated to the right.  (Tr. 123.)  The record also shows that

K.O.'s speech was normal and clear in articulation (Tr. 93, 95, 97, 102, 104-105, 111) and that his average speech and language skills, the clear quality of his voice, and that he had no problems asking for permission appropriately or using language appropriate to the situation and listener.  The ALJ correctly determined - and the evidence in the record supports that determination - that K.O.'s speech and language delays did not meet or medically equal § 112.12.

For K.O. to have met or medically equaled the listings for ADHD, the record would have to reveal medically-documented findings of marked inattention, marked impulsiveness, and marked hyperactivity, resulting in at least two of the appropriate age group criteria in ¶ B2 of § 112.02.  See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 112.11.  K.O. was found to have only mildly hyperactive motor behavior, could readily recall, understand and respond to instructions, had no signs of impulsiveness or speed of responding, adequate attention and concentration, and intact immediate, recent and remote memory. (Tr. 115, 119-120.)  Relying on the opinion of Dr. Ransom who noted that K.O. was able to attend to, follow, and understand age-appropriate directions, and complete age-appropriate tasks, adequately maintain appropriate social behavior, respond appropriately to changes in the environment, the ALJ correctly determined that K.O.'s ADHD did not meet or equal § 112.11. (Tr. 117, 120.)  That determination was also supported by

the opinion of State agency physician, Dr. Meyer.  See Tr. 128-33. State agency physicians are regarded as highly qualified physicians who are experts in the evaluation of medical issues in disability claims under the Act.  20 C.F.R. § 416.927(f), SSR 96-6p.  In the area of acquiring and using information, the record supports the ALJ's determination that once treated with medication, K.O. had less than marked limitation in the area of acquiring and using information.

## CONCLUSION

The ALJ relied upon the opinion of Dr. Jennifer Ann Meyer, pediatrician, who was a State agency medical examiner, who found that the claimant had a less than marked limitation in the acquiring and using information domain; had a less than marked limitation in the attending and completing tasks domain; a less than marked limitation in the interacting and relating with others domain; no limitation in the moving about and manipulating objects domain; a finding that the claimant has a marked limitation in the caring for yourself domain; no limitation in the health and physical well-being domain.

The ALJ determined that the claimant did not have an "extreme" limitation in one area of functioning or a "marked" limitation in two areas, therefore, the claimant did not functionally equal, singly or in combination, any listed impairment and concluded that

the claimant was not disabled for purposes of being eligible for Supplemental Security Income payments. (Tr. 18, 19, 132, 133.)

The ALJ's finding is supported by the teacher's report of Suzanne M. Strowe dated 7/6/04 (Tr. 74-77) that although K.O. had great difficulty dealing with his emotions appropriately and that once he became upset, it took him quite a bit of time to calm down, he did improve after taking medications. The claimant was initially prescribed Ritalin but he became agitated and started hitting people so his mother discontinued it. (Tr. 139.) He was then prescribed Strattera which controlled his behavior. "Mom says things are going well. No problems in school. No (side effects) to meds - eating and sleeping well." (Tr. 137.) Psychiatric progress note of Dr. Antoinette Jakobi dated 10/08/04.

In her notice of appeal, claimant's mother, Yvonne Dyer, stated that K.O.'s medication changed to Methylin 5 mg ". . . to try to decrease [his] behavior in school and outside of school." (Tr. 187.)

The report of therapist, Rekha Shrivastava dated April 24, 2007, submitted by the plaintiff's mother confirms that the claimant initially was on Ritalin and changed to another medication and "he seems to have responded positively to the medication and is also doing better at home."

I find that the ALJ carefully evaluated all the evidence presented to him and his finding that the claimant is not disabled

within the meaning of the Act is supported by substantial evidence in the record.

Therefore, the Commissioner's motion for judgment on the pleadings affirming the ALJ's decision is granted.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:   Rochester, New York
         August 5, 2008